**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALMA CLARISA HERNANDEZ, | No. 13-17345 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-02247-YGR |
| v. | |
| POLANCO ENTERPRISES, INC., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted December 11, 2015
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges and SMITH,** Chief District
Judge.

Plaintiff Alma Clarisa Hernandez appeals from the district court's summary

judgment in favor of Defendant Polanco Enterprises. The district court appears to

have found that Hernandez's claim for damages under California's Unruh Civil

--------

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable William E. Smith, Chief District Judge for the U.S.
District Court for the District of Rhode Island, sitting by designation.

Rights Act, codified at section 51 *et seq.* of the California Civil Code, was necessarily mooted when her corresponding claim under Title III of the Americans with Disabilities Act, codified at 42 U.S.C. § 12181 *et seq.*, was mooted. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

Hernandez, an individual with a disability who uses a wheelchair, visited a gas station owned by Polanco. She was unable to enter the gas station's convenience store because the landing at the entrance was too narrow. Before the district court ruled on the parties' cross-motions for summary judgment, Polanco removed many of the barriers Hernandez had identified, including expanding the size of the landing. It appears that the district court then dismissed all of Hernandez's federal and state-law claims related to the remediated barriers.[1]

Regarding the size of the entrance landing, the district court erred when it held that Hernandez's claim for damages under the Unruh Act was necessarily mooted when the related ADA claim was mooted. Under Title III of the ADA, a plaintiff may only seek injunctive relief for the removal of an existing accessability barrier. *See* 42 U.S.C. § 12188. In contrast, the Unruh Act permits damages based on a plaintiff's personal encounter with an accessibility barrier on a past occasion;

---

[1] The district court held that Polanco had removed a number of barriers, but the only barrier at issue on appeal is the size of the entrance landing.

as such, subsequent removal of the barrier is irrelevant.  *See* Cal. Civ. Code § 55.56(a)-(c).

Hernandez seeks statutory damages under the Unruh Act based on an underlying ADA violation.  *See* Cal. Civ. Code § 51(f).  Under California law, she must prove—in addition to the ADA violation—that she "personally encountered the violation [of a construction-related accessibility standard] on a particular occasion" and that it caused her "difficulty, discomfort, or embarrassment," thus denying her full and equal access to a place of public accommodation.  Cal. Civ. Code § 55.56(a)-(c).  We **REVERSE** and **REMAND** for the district court to determine, in the first instance, whether Hernandez is entitled to statutory damages under the Unruh Act with respect to the size of the entrance landing.

**REVERSED AND REMANDED**.